IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHRISTIE BRIONES AND MATTHEW BRIONES,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MENTOR WORLDWIDE LLC, JOHNSON & JOHNSON, AND ETHICON, INC.,<br><br>　　　　Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Mentor Worldwide LLC ("Mentor"), Johnson & Johnson, and Ethicon, Inc. ("Ethicon") (collectively, "Defendants") hereby give notice of removal of this action from the 122nd Judicial District Court of the State of Texas, Galveston County, to this Court. As grounds for removal, Defendants state as follows:

A.　　Factual and Procedural Background

　　　　1.　　Mentor, Johnson & Johnson, and Ethicon are defendants in a civil action filed in, and presently pending before, the District Court of Galveston County, State of Texas, styled *Christie Briones, et al., v. Mentor Worldwide LLC, et al.*, Cause No. 2011 CV 0279 (the "State Court Action").

　　　　2.　　Plaintiffs Christie Briones and Matthew Briones (collectively, "Plaintiffs") allege that Defendants designed, manufactured, and marketed saline-filled breast implants that were placed inside Plaintiff Christie Briones' body. (Petition ¶ 12.) Plaintiffs further allege that the implants leaked, which necessitated the surgical removal of the implants and caused the Plaintiffs' injuries and damages. (Petition ¶ 12.) Plaintiffs assert claims against Defendants for

strict liability, negligence, gross negligence, breach of express and implied warranties, "misrepresentations," and loss of consortium. (Petition ¶¶ 9, 13-15, 23-26.)

B.     Removal Based On Diversity Jurisdiction

3.     Defendants collectively file this Notice of Removal and all defendants hereby consent to removal of the State Court Action.

4.     Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, and this Court's diversity jurisdiction, removal of the State Court Action to this Court is appropriate.

5.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Mentor was served with Plaintiffs' Petition, the initial pleading, on March 14, 2011; Ethicon was served on March 15, 2011; and Johnson & Johnson was served on March 29, 2011.

6.     Complete diversity exists between Plaintiffs and Defendants, thus satisfying the diversity requirement of 28 U.S.C. § 1332(a)(1).

7.     Plaintiffs are, and at the time of filing this action were, citizens of Texas. (*See* Petition ¶ 2.) The Petition alleges only Plaintiffs' Texas residency, *see id.*, but publicly available records show that Plaintiffs are, and were, Texas citizens maintaining a Texas address since at least March 2003. Publicly available records also show that Plaintiffs maintain multiple current Texas motor vehicle registrations and Texas driver's licenses. Further, publicly available records show that Plaintiffs filed bankruptcy in the United States District Court for the Southern District of Texas in June 2005. Therefore, Plaintiffs are citizens of Texas for purposes of determining diversity of citizenship.

8.     Mentor is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of California. The citizenship

of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Mentor's sole member is Ethicon, a New Jersey corporation with its principal place of business in New Jersey. Therefore, Mentor is a citizen of New Jersey.

9. Ethicon is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey. Therefore, Ethicon is a citizen of New Jersey.

10. Johnson & Johnson is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey. Therefore, Johnson & Johnson is a citizen of New Jersey.

11. The amount in controversy in this action exceeds $75,000, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a).

12. Plaintiff Christie Briones claims that she has suffered "mental and physical pain and suffering, mental anguish, physical impairment, and disfigurement, all of which" she claims are "in reasonable probability permanent." (Petition ¶ 18.)

13. Plaintiff Christie Briones further claims that she should be compensated for both past and future injuries, including the following:

(a) the "physical pain" that she "has suffered from the date of the incident in question up to the time of trial" and the "physical pain that she will suffer in the future beyond the time of trial" for the remainder of her "life expectancy of 50.8 years";

(b) the "mental anguish" that she "has suffered from the date of the incident in question up to the time of trial" and the "mental anguish" that she "will suffer in the future beyond the time of trial" for the remainder of her "life expectancy of 50.8 years";

CLI-1886321v3

(c) the "loss of [] earnings" she sustained "from the date of the incident in question up to the time of trial" and the "loss or reduction" in "earnings or earning capacity in the future caused by the injuries sustained in the accident in question" for the remainder of her "life expectancy of 50.8 years" and "a work life expectancy of at least 25.4 years";

(d) the "damages resulting from the physical impairment" she has suffered and "the resulting inability to do those task and services" that she "ordinarily would have been able to perform" and the "damages resulting from the physical impairment" that she "will continue to suffer in the future and the resulting inability to do those tasks and services" that she "ordinarily would have been able to perform in the future beyond the time of trial" for the remainder of her "life expectancy of 50.8 years" and "a work life expectancy of at least 25.4 years"; and

(e) the "disfigurement" from which she "has suffered from the date of the incident in question up to the time of trial" and the "disfigurement" from which she "will suffer in the future beyond the time of trial" for the remainder of her "life expectancy of 50.8 years." (Petition ¶¶ 17-20.)

14. Plaintiff Christie Briones further claims that she should be compensated for "past and future medical, hospital and drug services." (Petition ¶ 22.)

15. In addition, Plaintiff Matthew Briones claims that he has suffered and will continue to suffer into the future the "loss of his wife's consortium and household services," including the "affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage." (Petition ¶¶ 23-25.)

16. Plaintiffs also seek to recover punitive or exemplary damages and allege that it "would take punitive damages in an appropriate amount to effectively convey this overdue

message to the Defendants who have it within their power to control this needless exposure to dangerous substances." (Petition ¶ 27; Claim for Relief.)

17.     Therefore, in light of the above, the injuries alleged in the Petition and the extensive and varied damages sought by Plaintiffs place the amount in controversy in this case in excess of $75,000.

18.     Moreover, reported verdicts and settlements in cases with damage allegations similar to this case have exceeded $75,000. *See e.g.*, *Ellsworth v. Elwood*, Case No. 06-L-115 (Peoria Cty., Ill. Apr. 7, 2009) (verdict of $330,000 for plaintiff who suffered breast disfigurement after a bilateral breast reduction surgery); *Swanson v. Pummill*, Case No. 07-87620 (Genesee Cty., Mich. Apr. 3, 2009) (verdict of $364,000 for plaintiff who suffered breast disfigurement, pain, suffering, and mental anguish affecting her activities of daily living after surgery to remove breast implants); *Call v. Keiter*, Case No. 030903501, 2009 Jury Verdicts LEXIS 237703 (Weber Cty., Utah 2008) (verdict of $108,522 for plaintiff who, following a breast implant procedure, developed an infection requiring removal and replacement of the implant resulting in deformity); *Dicicco v. Cattani*, No. 11366/03, 2007 NY Jury Verdicts Review LEXIS 746 (N.Y. 2007) (verdict of $737,000, including $400,000 for past pain and suffering and $300,000 for future pain and suffering, for plaintiff who suffered breast disfiguring scarring and underwent multiple surgeries after an initial breast augmentation surgery); *Davis v. Rai*, Case No. 05-8226-G (Dallas Cty., Tex. 2007) (verdict of $165,000, including $100,000 for past and future pain and mental anguish, for plaintiff who suffered breast disfigurement and underwent multiple surgeries following an initial breast augmentation surgery); *Karachum v. Wasserstrum*, Case No. BER-L-3731-02, 2004 Jury Verdicts LEXIS 40368 (Bergen Cty., N.J. 2004) (verdict of $1,500,000 for plaintiff who suffered from permanent breast disfigurement after reduction surgery); *Raviv v. Tiller*, Case No. 00-11955 (Miami-Dade Cty., Fla. 2003)

(verdict of $155,000 for plaintiff who experienced pain, breast disfigurement, and humiliation after an initial breast augmentation); *Kelley v. Stromberg*, Case No. 00CC-001066 (St. Louis Cty., Mo.. Apr. 17, 2002) (verdict of $300,000 returned for plaintiff who suffered breast disfigurement after reconstruction); *Allbritton v. Zachariah*, Case No. 768844 (Santa Clara Cty., Cal. July 28, 2000) (verdict of $186,200 increased by court to $226,072 to include interest and costs in breast disfigurement and multiple surgeries case); *Grimes v. Baxter Healthcare Corp.*, Case No. 93-8828-E (Dallas Cty., Tex. 1995) (verdict of $400,000 for plaintiff who suffered injuries due to rupture of breast implant, including pain and mental anguish, disfigurement, impairment, and medical expenses).  Although defendants intend to vigorously defend the allegations in the complaint, courts often look to jury verdicts in comparable cases to determine the amount in controversy. Copies of these verdict reports are attached hereto as Exhibit 1.

19.   This Court, accordingly, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the State Court Action presents a case where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

20.   Under 28 U.S.C. § 1441(a), venue for this action is proper in this Court, which is the district embracing the place where the state action is pending.

21.   In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, attached hereto are the following: (1) an index of matters being filed (Exhibit A); (2) the docket sheet from the State Court Action (Exhibit B); (3) the pleadings from the State Court Action (Exhibit C); (4) all executed process from the State Court Action (Exhibit D); (5) a list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit E); and (6) the federal Civil Cover Sheet (Exhibit F).  There are no orders signed by the state court judge to attach.

6

22. Consistent with 28 U.S.C. § 1446(d), Defendants also are filing a Notice of Filing Joint Notice of Removal with the Clerk of the District Court of Galveston County, Texas, and are promptly serving written notice of this removal on Plaintiffs' counsel this date.

23. Defendants reserve all defenses to Plaintiffs' claims.

C. Jury Demand

24. Defendants demand a trial by jury.

ACCORDINGLY, Defendants remove this action and give notice to Plaintiffs and to the District Court of Galveston County, State of Texas, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

Dated: April 1, 2011                          Respectfully submitted,

/s/ Edward J. Sebold____
Edward J. Sebold, Esq.
Attorney-in-Charge
Texas Bar No. 24062339
S.D. Texas Bar No. 922308
edwardjsebold@jonesday.com

Kevin F. Feeney
Texas Bar No. 24065222
S.D. Texas Bar No. 1065221
kffeeney@jonesday.com

JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002-2712
Telephone: (832) 239-3939
Facsimile: (832) 239-3600

OF COUNSEL:

John Q. Lewis
Ohio State Bar No. 0067235
Admitted to the Northern District of Ohio
jqlewis@jonesday.com
*pro hac vice* motion for admission forthcoming

Dustin B. Rawlin
Ohio State Bar No. 0072870
Admitted to the Northern District of Ohio
dbrawlin@jonesday.com
*pro hac vice* motion for admission forthcoming

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Attorneys for Defendants
MENTOR WORLDWIDE LLC
JOHNSON & JOHNSON
ETHICON, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Joint Notice of Removal has been served via the Court's electronic filing system and via U.S. Mail on the following, this 1st day of April, 2011:

> Alton C. Todd
> THE LAW FIRM OF ALTON C. TODD
> 312 S. Friendswood Drive
> Friendswood, TX 77546
>
> **Attorney for Plaintiffs Christie Briones and Matthew Briones**

> /s/ Kevin F. Feeney_____
> An Attorney for Defendants
> MENTOR WORLDWIDE LLC
> JOHNSON & JOHNSON
> ETHICON, INC.

CLI-1886321v3